**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4344**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DESMOND LITTLEJOHN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:18-cr-00119-RBS-LRL-1)

Submitted: January 31, 2020                    Decided: February 11, 2020

Before NIEMEYER, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura P. Tayman, LAURA P. TAYMAN, PLLC, Newport News, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, William B. Jackson, Assistant United States Attorney, William D. Muhr, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Littlejohn was convicted after a jury trial of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2018) (count 1), Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2018) (count 2), and using, carrying, and brandishing a firearm during and in relation to the crime of violence set forth in count 2, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2018) (count 3). The district court sentenced him to concurrent terms of 105 months' imprisonment on counts 1 and 2 and an 84-month consecutive term on count 3, for a total prison term of 189 months. Littlejohn appeals, arguing that Hobbs Act robbery does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c), the evidence is insufficient to support his convictions, the district court erred in admitting DNA evidence, he was prejudiced by the erroneous admission of opinion testimony from witness Katherine Gavin, and the district court erred in assigning him criminal history points under U.S. Sentencing Guidelines Manual § 4A1.1(e) (2018). We affirm.

Littlejohn contends that his conviction on count 3 for brandishing a firearm during and in relation to a crime of violence should be set aside because Hobbs Act robbery does not qualify as a crime of violence under the force clause of the crime of violence definition in 18 U.S.C. § 924(c)(3).[1] Littlejohn, however, never argued in the district court that

---

[1] A violation of 18 U.S.C. § 924(c)(1)(A)(ii) arises when a defendant brandishes a firearm during and in relation to a "crime of violence." Subsection (c)(3) defines the term "crime of violence" as including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). This section is known as the § 924(c) force clause. *United States v.* (Continued)

Hobbs Act robbery does not qualify as a § 924(c) predicate crime of violence. We thus may vacate the brandishing conviction at count 3 only if Littlejohn "satisf[ies] plain error review." *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016). To prevail under the plain error standard, Littlejohn "must show (1) an error that (2) was clear or obvious, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (internal quotation marks and brackets omitted).

As Littlejohn acknowledges, "Hobbs Act robbery constitutes a crime of violence under the force clause of [18 U.S.C. § ]924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.), *cert. denied*, Nos. 19-6423, 19-6424, 2019 WL 6689801, 2019 WL 6689802 (U.S. Dec. 9, 2019). His challenge to count 3 is thus foreclosed by *Mathis, see World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507, 523-24 (4th Cir. 2015) ("A panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." (internal quotation marks and brackets omitted)), and fails at the first step of plain error review.

Next, Littlejohn contends that the evidence is insufficient to support his convictions.

---

*Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). Subsection (c)(3) of § 924 also defines a crime of violence as a felony offense "that by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). This section is known as the § 924(c) residual clause. *Fuertes*, 805 F.3d at 498. The § 924(c) residual clause is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *United States v. Simms*, 914 F.3d 229, 236-37, 246, 253 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019).

"A defendant who challenges the sufficiency of the evidence [to support his convictions] faces a heavy burden." *United States v. Small*, 944 F.3d 490, 499 (4th Cir. 2019) (internal quotation marks omitted). This court "must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Edlind*, 887 F.3d 166, 172 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 203 (2018). Because Littlejohn never moved below for a judgment of acquittal, we review his challenge for plain error. *United States v. Wallace*, 515 F.3d 327, 331-32 (4th Cir. 2008).

Littlejohn argues that, without DNA evidence admitted in his case, the evidence was insufficient to demonstrate he committed all three offenses. However, when reviewing for sufficiency of the evidence, "a reviewing court must consider all of the evidence admitted by the trial court, regardless of whether that evidence was admitted erroneously." *McDaniel v. Brown*, 558 U.S. 120, 131 (2010) (per curiam) (internal quotation marks omitted); *United States v. Simpson*, 910 F.2d 154, 159 (4th Cir. 1990). Precedent thus forecloses Littlejohn's contention that this court may disregard the DNA evidence admitted at trial in assessing evidentiary sufficiency.

Littlejohn also contends that DNA evidence admitted at trial was not corroborated by sufficiently credible evidence and that the remaining evidence submitted by the Government was insufficient because the jury had reasons not to believe it in whole or in

4

part. In assessing whether substantial evidence is present, however, this court is "not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 238 (2018). Further, the Government was not required to introduce extrinsic evidence corroborating the testimony of its expert witness regarding the DNA analyses performed in this case. *See id.*; *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). These arguments thus do not establish any error in the jury's verdict.

Considering all the evidence admitted at trial, we conclude that it is sufficient to support Littlejohn's convictions. *See United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015) (stating elements of Hobbs Act robbery); *United States v. Strayhorn*, 743 F.3d 917, 922, 925 (4th Cir. 2014) (stating elements of Hobbs Act conspiracy and § 924(c)(1) firearm charge); *see also* 18 U.S.C. § 924(c)(4) (defining brandishing); 18 U.S.C. § 2(a) (addressing liability for aiding and abetting); *United States v. Tillery*, 702 F.3d 170, 174 (4th Cir. 2012) (addressing jurisdictional element of Hobbs Act robbery). Littlejohn thus has not established error in the jury's verdict on the basis of evidentiary insufficiency, and this challenge fails on the first prong of plain error review.

Littlejohn next makes three arguments challenging the DNA evidence. He argues that the district court erred in admitting the February 5, 2018, certificate of analysis generated by the forensic scientist after she compared a DNA mixture profile she generated with a DNA databank because his inclusion in the databank, "highlighted by his Department of Corrections identifying numbers on the [certificate], identified him as a

convicted felon." Reviewing this claim for plain error because Littlejohn never raised it below, *Walker*, 934 F.3d at 377-78, we conclude it fails at the first prong of plain error review because the predicate undergirding it—that the February 5 certificate identified him as a convicted felon—is not established. The certificate says nothing about Littlejohn's status as a convicted felon; nothing about how, if at all, the DNA databank is tied to a person's status as a convicted felon; and nothing about how numbers on the certificate are tied, if at all, to a person's status as a convicted felon. If the certificate indeed contains "Department of Corrections identifying numbers" connected to Littlejohn as he claims, he has not specified where these numbers are. Moreover, the Government never adduced any evidence or argued at trial that Littlejohn had been convicted of a felony, and Littlejohn wholly fails to explain why the February 5 certificate would support such an inference in this case. Littlejohn thus has not demonstrated plain error in this regard.

Littlejohn also argues that the district court erred in admitting the March 30, 2018, certificate of analysis because it contained an erroneous statistical analysis. We need not address the merits of this argument because Littlejohn invited the claimed error. *See Mathis*, 932 F.3d at 257. "The invited error doctrine recognizes that a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." *United States v. Jackson*, 124 F.3d 607, 617 (4th Cir. 1997) (internal quotation marks omitted). Here, at the pretrial hearing on Littlejohn's motion to exclude the certificate, the Government proposed that it not be admitted into evidence and that a May 23, 2018, amended certificate of analysis generated to correct the statistical error in the March 30 certificate be admitted in its place. Littlejohn, however, declined this

6

proposed course of action, and urged that, if the district court was going to admit the May 23 certificate and the February 5 certificate, then those two certificates and the March 30 certificate needed to be admitted. The district court denied Littlejohn's motion to exclude and allowed all three certificates to be admitted into evidence. Thus, even if the admission of the March 30 certificate was improper, Littlejohn "could have cured any such error [with respect to the admission of the March 30 certificate by agreeing in part to the Government's proposal] but did not." *Mathis*, 932 F.3d at 258. The invited error doctrine therefore applies, *id.*; *United States v. Lespier*, 725 F.3d 437, 445-46, 449-51 (4th Cir. 2013), and we decline to address the merits of this claim.[2]

Littlejohn further contends more generally that the admission of DNA evidence was prejudicial because the Government engaged in the so-called prosecutor's fallacy by arguing incorrectly that DNA found on the ski mask recovered near the site of the robbery belonged to him. Reviewing this claim for plain error because Littlejohn never raised it below, *Walker*, 934 F.3d at 377-78, we reject it.

"The prosecutor's fallacy is the assumption that the random match probability is the same as the probability that the defendant was not the source of the DNA sample" at issue. *Brown*, 558 U.S. at 128. Such faulty reasoning "may result in an erroneous statement that, based on a random match probability of 1 in 10,000, there is a 0.01% chance the defendant is innocent or a 99.99% chance the defendant is guilty." *Id.* In this case, the forensic

---

[2] Littlejohn has not argued that an exception to the invited error doctrine, *see Lespier*, 725 F.3d at 450-51, applies.

7

scientist gave expert opinion testimony regarding the probability of selecting an unrelated individual who would be included as a major contributor of the DNA in the DNA profile she generated from the ski mask, not the probability of Littlejohn's guilt or innocence. Moreover, although counsel for the Government indeed argued as part of closing arguments that, based on the DNA evidence adduced, the DNA found on the ski mask was Littlejohn's, that argument was not improper, *see United States v. Francisco*, 35 F.3d 116, 120 (4th Cir. 1994) (per curiam) ("[C]losing argument is not merely a time for recitation of uncontroverted facts, but rather the prosecution may make fair inferences from the evidence."), or prejudicial to Littlejohn's substantial rights, *see United States v. Lighty*, 616 F.3d 321, 361-62 (4th Cir. 2010). Plain error in this regard warranting vacatur of Littlejohn's convictions has thus not been established.

Littlejohn also argues that the admission into evidence of witness Katherine Gavin's statement of opinion was erroneous and that the admission had a prejudicial effect on the jury's verdict, warranting vacatur of his convictions. Littlejohn, however, did not present this claim in accordance with Fed. R. App. P. 28(a)(8)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We therefore deem it abandoned. *See EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 122 n.10 (4th Cir. 2018)*; Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015).

Finally, Littlejohn challenges the computation of his criminal history points under the Sentencing Guidelines, claiming that the district court erred in assessing criminal

8

history points under USSG § 4A1.1(e). This court "determine[s] whether a district court's Guidelines calculation was proper by reviewing that court's factual findings for clear error and its legal conclusions de novo." *United States v. Dodd*, 770 F.3d 306, 309 (4th Cir. 2014) (internal quotation marks omitted). We conclude that the district court did not err in assessing the disputed criminal history points, *see* USSG § 4A1.1(e) (directing that one point be added for each prior sentence resulting from a conviction of a crime of violence that did not receive points under USSG § 4A1.1(a) because such sentence was treated as a single sentence); *United States v. Scott*, 654 F.3d 552, 557 (5th Cir. 2011), and reject Littlejohn's inapposite arguments to the contrary.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*